NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIAN G. GLADDEN,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2024-2227

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-18-0553-I-1.

---

Decided:  September 5, 2025

---

BRIAN GREGORY GLADDEN, Washington, DC, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before DYK, LINN, and STARK, *Circuit Judges*.

PER CURIAM.

Brian G. Gladden appeals a Merit Systems Protection Board ("Board") order affirming the Department of Defense ("government") decision removing Mr. Gladden from his position as a Medical Support Assistant at the Walter Reed National Military Medical Center ("Walter Reed"). We affirm.

I

Mr. Gladden served as a Medical Support Assistant – primarily as a clerk at the Dentistry Clinic's front desk – at Walter Reed from April 2016 to January 2018. Shortly after starting his job at Walter Reed, Mr. Gladden and a co-worker, Philanya Conkle, developed a strained working relationship. In a memorandum dated June 17, 2016, Mr. Gladden's supervisor counseled Mr. Gladden and Ms. Conkle to resolve their "disruptive tension." S'Appx 46-47.[1] About two months later, in a memorandum dated August 25, 2016, Mr. Gladden was notified that "multiple incidents and complaints [were] reported from staff and patients regarding [his] performance." S'Appx 48-49 (stating that, among other things, Mr. Gladden violated Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and potentially compromised patients' personally identifiable information).

On August 31, 2016, Ms. Conkle submitted a written complaint to her supervisor alleging Mr. Gladden had "subjected her to sexual harassment." S'Appx 20. More specifically, Ms. Conkle alleged Mr. Gladden made "[n]onstop and continually obnoxious" comments about women as they walked past the front desk, and that his "conduct and overt sexual conversations [made her] extremely uncomfortable." S'Appx 56. The Director for Dentistry at Walter Reed then ordered an inquiry into Ms. Conkle's allegations.

---

[1] "S'Appx" refers to the Supplemental Appendix submitted by the government. ECF No. 23.

Of the 15 allegations that were investigated, seven were found substantiated or partially substantiated.

In October 2016, management at Walter Reed took additional steps to address the reported HIPAA violations and sexual harassment. More specifically, Mr. Gladden was formally reprimanded for violating HIPAA on October 17. And the Chief of Walter Reed's Dental Department issued a notice of proposed removal based on charges of inappropriate conduct and violations of HIPAA the next day. Mr. Gladden responded to the notice of proposed removal, denying both charges.

On January 10, 2018, the deciding official issued a notice of decision, sustaining the charges of inappropriate conduct and determining removal was appropriate. Mr. Gladden appealed the government's removal decision to the Board by filing a formal complaint of race and age discrimination. In its initial decision, the Board determined that the deciding official properly applied the *Douglas* factors in concluding removal was reasonable. On review, the Board affirmed its initial decision.

Mr. Gladden timely appealed the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited by statute. The "court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). Substantial evidence generally exists where a reasonable mind might accept the evidence as adequate to support a conclusion. *See Haebe v. Dep't of Just.*, 288 F.3d 1288, 1298 (Fed. Cir. 2002).

## III

On appeal, Mr. Gladden does not challenge the Board's application of the law. Rather, Mr. Gladden concedes that he "simply did not meet [his] burden of proof" when his case was pending before the Board, Gladden Br. 6, adding that at that time he was in "total disbelief," Gladden Br. 13, and "unable to present facts with thorough" explanation, Gladden Br. 2.[2] Mr. Gladden explains that he is providing narrative support "in hopes of producing some measure for the consideration of a favorable outcome." Gladden Br. 15. Mr. Gladden also argues that the Board erred in affirming the government's removal decision because the government and Board improperly considered a previous sexual harassment charge and resulting settlement.

Mr. Gladden points to no record evidence supporting his contention that the government relied on a previous sexual harassment charge, or for his related argument that the Board overlooked the government's purported reliance on these materials. To the contrary, substantial evidence supports the Board's finding that the government did not base its removal decision on the prior charge and settlement. S'Appx 30 (crediting on-point testimony from government decisionmaker).

Mr. Gladden's suggestion that he did not meet his burden of proof because of his mental status, which he describes as "[p]sychogenic [s]hock," Gladden Br. 13, and argument that the Board "thwarted" his ability to present his defense, Gladden Br. 15, are likewise unsupported and unavailing. No record evidence shows a lack of competence or lack of opportunity to present his case. To the contrary, Mr. Gladden admits that he "simply did not meet the

---

[2] Certain pages of Mr. Gladden's opening brief are unnumbered. Our citations are to the ECF-generated page numbers stamped at the top of each page upon filing.

burden of proof." Gladden Br. 6; *see also id.* at 5 ("I executed poorly, with the presentation of a valid argument in my defense."). The record shows that Mr. Gladden was given opportunities to present evidence to both the government and the Board. S'Appx 57-58 (investigation report indicating that Mr. Gladden was interviewed and submitted letter denying any form of harassment); S'Appx 72-77 (brief prepared by Mr. Gladden responding to government's notice of proposed removal).

## IV

We have considered Mr. Gladden's remaining arguments and find them unpersuasive. Accordingly, and for the reasons provided above, we affirm the Board.

**AFFIRMED**

COSTS

No costs.